MICHAEL J. REDENBURG, ESQ. PC
Michael Redenburg, Esq. (NY #MR4662)
32 Broadway, Suite 412
New York, NY 10004
Telephone: (212) 240-9465
Facsimile: (917) 591-1667

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KAREN HICKEY-MACH,<br><br>                    **Plaintiff,**<br>v.<br><br>MICHELE RAFFERTY, JOHN RAFFERTY, and CITY OF NEW YORK,<br><br>                    **Defendants.** | **Amended Complaint**<br><br>**JURY TRIAL DEMANDED**<br><br>Civ. No.: 24-cv-8410 (AMD)(LKE) |

**PRELIMINARY STATEMENT**

1. Plaintiff ("HICKEY-MACH") brings this civil rights action against MICHELE RAFFERTY, JOHN RAFFERTY and CITY OF NEW YORK alleging that defendants violated her rights under 42 U.S.C. § 1983, the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution by causing her to be falsely arrested, and maliciously prosecuted, based on a wild confabulation of lies conveyed to the Queens County District Attorney's Office by two co-conspirators, Defendants MICHELE RAFFERTY and JOHN RAFFERTY. Accordingly, Plaintiff seeks compensatory and punitive damages, attorneys' fees and costs and such other and further relief as this Honorable Court deems just and proper.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth, Fifth & Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331 and §1343 and this Court has supplemental jurisdiction as to the Plaintiff's state law claims.

3. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391 (b) and (c) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District, Plaintiff resides in this District and because some or all of the defendants reside in this District.

## DEMAND FOR A JURY TRIAL

4. Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a trial by jury in this action.

## PARTIES

5. Plaintiff KAREN HICKEY-MACH ("Plaintiff" or "HICKEY-MACH") is a forty-four (44) woman who resides in the County of Queens, City and State of New York.

6. Plaintiff has no criminal record.

7. MICHELE RAFFERTY is a forty-three (43) year old woman, who is the Executive Vice President/Chief Financial Officer of her co-Defendant and co-conspirator husband, JOHN RAFFERTY's security company, Watch Guard 24/7 LLC.

8. JOHN RAFFERTY is a forty-nine (49) year old man, who had the privilege of a long career with the NYPD, culminating as a Special Operations Lieutenant in the 73rd

Precinct, in Brownsville, Brooklyn, and after retiring in 2009, started his own security company, Watch Guard 24/7 LLC.

9. As set forth in ¶8, *supra*, Defendant JOHN RAFFERTY had, and has, an intimate familiarity with how the criminal justice system works.

10. CITY OF NEW YORK is a municipality that is a political subdivision of the State of New York, and is and was all times relevant to this Complaint responsible for the policies, practices, and customs of the Queens County District Attorney's Office ("QDAO").

## STATEMENT OF FACTS

11. During the school year of 2022 - 2023, HICKEY-MACH became aware of the fact that JOHN RAFFERTY's security company, Watch Guard 24/7 LLC, failed her and her community by allowing a music teacher who had been arrested for putting his hands on a child back on to school grounds where HICKEY-MACH's young child attended school at Our Lady of Hope Catholic Academy.

12. HICKEY-MACH voiced her concerns about what she believed to be the failings of the RAFFERTYS, by and through their security company, Watch Guard 24/7 LLC.

13. The fact that HICKEY-MACH spoke her mind with respect to the RAFFERTYS' failures irritated them, and so they conspired to concoct an ill-conceived and wicked plan to retaliate against her, as more specifically set forth, *infra*.

14. Defendants MICHELE RAFFERTY and JOHN RAFFERTY conspired and dreamt up a wild tale, utilizing JOHN RAFFERTY's intimate knowledge of how easy it is to have a person arrested on a *mere allegation* of what may be a crime, or in this case, *outright lies*.

15. Together, MICHELE RAFFERTY and JOHN RAFFERTY concocted "***Story Number One***," wherein MICHELE RAFFERTY advised law enforcement, on the advice of her

3

husband, Defendant JOHN RAFFERTY, that HICKEY-MACH did "take out brass knuckles from her pocket, point it at the [MICHELE RAFFERTY's] direction…"

16. Plaintiff was arrested at her home, and was humiliated and horrified as her two young children were screaming and crying, watching their mother being taken from their family home by police.

17. Subsequently, and by superseding information signed by Detective Christopher Gerardi August 31, 2023, MICHELE RAFFERTY changed her *story* and advised law enforcement that HICKEY-MACH did "take out brass knuckles from her pocket, point it at the [MICHELE RAFFERTY's] direction, hold said knuckles up to the [MICHELE RAFFERTY's] face… "***Story Number Two***").

18. Before Defendant MICHELE RAFFERTY swore out the superseding information, MICHELE RAFFERTY, along with her co-Defendant husband, JOHN RAFFERTY, were busy speaking to their lawyer Joel Thomas, Esquire at the law firm of Silberstein, Awad & Miklos, P.C. to ready a civil lawsuit to supplement their ill-conceived attack on HICKEY-MACH by way of their concocted *stories* conveyed to law enforcement.

19. On September 8, 2023, Defendant MICHELE RAFFERTY signed a Supporting Deposition with respect to the superseding information swearing that its contents were true, and that if any of the statements within the superseding information were false, she knew that such false statements were punishable as a Class A Misdemeanor pursuant to Section 210.45 of the Penal Law.

20. On September 26, 2023, MICHELE RAFFERTY, her co-conspirator husband JOHN RAFFERTY and the RAFFERTYS' security company, Watch Guard 24/7 LLC filed a

civil action against HICKEY-MACH in Queens County Supreme Court bearing Index Number 719904/2023, to intimidate and harass her and her family.

21. In Paragraph 13 of the RAFFERTYS' Queens County Supreme Court Action bearing Index Number 719904/2023, the RAFFERTYS and their security company, Watch Guard 24/7 LLC <u>allege and **verify**</u>, through their counsel, Joel Thomas, Esquire, that "HICKEY-MACH pulled out brass knuckles and another weapon with spikes…" ***Story Number Three***

22. With the RAFFERTYS intent on assassinating HICKEY-MACH, and with the Queens County Criminal Case against HICKEY-MACH underway, by way of the superseding information bearing Case Number CR-022103-23QN, certain pleadings and other legal documents were filed in said criminal case against HICKEY-MACH.

23. QDAO, as the employer of Criminal Law Associate Katerina Michelle Martinez Valez and Assistant District Attorney Aharon Diaz, engaged in conduct subjecting the CITY OF NEW YORK to civil liability.

24. Because QDAO determined MICHELE RAFFERTY's criminal complaint against HICKEY-MACH to be a low-level matter, at best, even if all the allegations were true, the matter was turned over to a non-attorney, Criminal Law Associate Katerina Michelle Martinez Valez[1], not an attorney admitted to practice law in the State of New York at the time.

25. Within an Affirmation in Opposition to HICKEY-MACH's Motion to Dismiss the Queens County Criminal Case, said case being handled by non-attorney Katerina

---

[1] KATERINA MICHELLE MARTINEZ VELEZ was not admitted to practice law in the State of New York until March 20, 2024.

Michelle Martinez Valez, both Katerina Michelle Martinez Valez and ADA Aharon Diaz submitted an Affirmation dated March 12, 2024.

26. Within the Affirmation signed by both Katerina Michelle Martinez Valez and ADA Aharon Diaz they swear that [MICHELE] Rafferty has been cooperative, engaged, and involved in every step of the instant case.

27. After announcing that the People of the State of New York were ready for trial, and after filing a defective Certificate of Compliance, Katerina Michelle Martinez Valez and ADA Aharon Diaz, as employees of QDAO, and with CITY OF NEW YORK responsible for the polices, practices and customs of QDAO, **knew** that outstanding materials necessary for HICKEY-MACH's defense were not turned over to HICKEY-MACH or her counsel, which included:

    i. Arrest Report (scratch)
    ii. BWC and Metadata (if any) from PO Villada Melina from 7/6/2023
    iii. Memobook from PO Villada Melina (and any other officer on scene)
    iv. DD5 with attachments
    v. ECMS Report
    vi. ICAD
    vii. Icard
    viii. Property vouchers
    ix. Radio Runs and Metadata
    x. Sprint Printout
    xi. Officer body-cam

28. By Decision And Order dated September 15, 2024, The Honorbale Maria T. Gonzalez, Judge of the Queens County Criminal Court, Held:

    a. "the Court is not satisfied that the People have conducted due diligence sufficient to satisfy CPL Article 245, and reasonable under the circumstances of this case;"

    b. "The People's COC [Certificate of Compliance], and SOR [Statement of Readiness] are deemed invalid;"

c. "In this case, the prosecution failed to ascertain and disclose known discoverable items that were in their possession prior to the filing;"

   d. The Court Dismissed the criminal court complaint.

29. The criminal court complaint against HICKEY-MACH was the result of lies conveyed to law enforcement by Defendant MICHELE RAFFERTY, with the help of her co-conspirator husband, JOHN RAFFERTY, and then pursued by non-attorney Katerina Michelle Martinez Valez and ADA Aharon Diaz, both of whom worked for QDAO.

30. As the result of MICHELE RAFFERTY's outrageous lies conveyed to law enforcement, and with the help of her co-conspirator husband, Defendant JOHN RAFFERTY, HICKEY-MACH was required to suffer the humiliation of appearing in criminal court, with a walker and cane, on more than seven occasions, and while in a frail and sick state, including suffering from blood cancer.

31. As a result of the foregoing, Plaintiff suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation and degradation – all to her detriment.

32. While the criminal case was proceeding and an order of protection was issued as a matter of course, Plaintiff was afraid to leave her home as she knew that if either of the RAFFERTYS saw her, they would simply make up another story about Plaintiff doing something nefarious; call the police and wave the Order of Protection in an attempt to have Plaintiff re-arrested, as both Defendants MICHELE RAFFERTY and JOHN RAFFERTY, are, as co-conspirators, familiar with how the criminal justice system works.

## FIRST CLAIM
### 42 USC §1983 Claim for Deprivation of Liberty Without Due Process of Law and Denial of a Fair Trial

33. Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

34. Defendants MICHELE RAFFERTY and JOHN RAFFERTY acting individually and in concert, concocted no less that three (3) different *stories* alleging that Plaintiff threatened MICHELE RAFFERTY with brass knuckles, with each *story* memorialized in legal documents; with each *story* being materially different and with each *story* being actually false.

35. Because MICHELE RAFFERTY swore out a supporting deposition with respect to the superseding information, and the information contained in this legal instrument was false, Defendant MICHELE RAFFERTY has, upon information and belief, engaged in criminal conduct pursuant to §210.45 of the N.Y. penal law and §240.50 of the N.Y. penal law.

36. Defendant MICHELE RAFFERTY knowingly provided false information to the police concerning her *stories* with respect to Plaintiff threatening her with brass knuckles.

37. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### 42 USC §1983 Malicious Prosecution in Violation of the Fourth and Fourteenth Amendments

38. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39. Defendant MICHELE RAFFERTY, with the assistance of her co-conspirator husband, JOHN RAFFERTY, conveyed concocted and false *stories* of Plaintiff threatening

8

MICHELE RAFFERTY with brass knuckles to law enforcement which resulted in a criminal proceeding against Plaintiff.

40. The criminal action against Plaintiff was dismissed and terminated with a favorable result to Plaintiff.

41. The criminal action was initiated based on the lies that MICHELE RAFFERTY conveyed to law enforcement, with the assistance of her husband at the time, JOHN RAFFERTY, and according to both Katerina Michelle Martinez Valez and ADA Aharon Diaz, Defendant MICHELE RAFFERTY was cooperative, engaged, and involved in every step of the criminal proceeding against Plaintiff.

42. Defendant MICHELE RAFFERTY knowingly provided false information to the police concerning her *stories* with respect to Plaintiff threatening her with brass knuckles.

43. The actions of MICHELE RAFFERTY and JOHN RAFFERTY were malicious, in that they were initiated and/or continued based on improper motives, ill will and/or wanton, reckless and/or grossly negligent disregard for Plaintiff's rights.

44. As a direct and proximate result of MICHELE RAFFERTY and JOHN RAFFERTY's conduct, Plaintiff sustained serious damages, including but not limited to: damage to her reputation; emotional distress, humiliation, embarrassment, mental anguish, inconvenience, loss of liberty, legal fees and costs; and having to endure her young child being expelled from school based on the actions of Defendants MICHELE RAFFERTY and JOHN RAFFERTY.

45. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
## 42 U.S.C. 1983 ABUSE OF PROCESS

46. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

47. Defendants MICHELE RAFFERTY and JOHN RAFFERTY together conspired to concoct multiple, and differing *stories* claiming that Plaintiff threatened MICHELE RAFFERTY with brass knuckles, when this is untrue, and both MICHELE RAFFERTY and JOHN RAFFERTY knew that this was not true.

48. MICHELE RAFFERTY concocted false stories of potentially criminal conduct on the part of Plaintiff and reported same to law enforcement to have her arrested and have a criminal proceeding launched against her.

49. As a direct and proximate result of MICHELE RAFFERTY and JOHN RAFFERTY's conduct, Plaintiff sustained serious damages, including but not limited to: damage to her reputation; emotional distress, humiliation, embarrassment, mental anguish, inconvenience, loss of liberty, legal fees and costs; and having to endure her young child being expelled from their school based on the actions of Defendants MICHELE RAFFERTY and JOHN RAFFERTY.

50. Defendant MICHELE RAFFERTY knowingly provided false information to the police concerning her *stories* with respect to Plaintiff threatening her with brass knuckles.

51. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

# FOURTH CLAIM
## 42 U.S.C. 1983: AIDING AND ABETTING THE MALICIOUS PROSECUTION AND ABUSE OF PROCESS

52. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

53. Defendant MICHELE RAFFERTY aided and abetted in the false and fraudulent prosecution against Plaintiff. She provided substantial assistance in bringing the false and fraudulent accusations against Plaintiff, and according to both Katerina Michelle Martinez Valez and ADA Aharon Diaz, Defendant MICHELE RAFFERTY was cooperative, engaged, and involved in every step of the criminal proceeding against Plaintiff.

54. Defendant MICHELE RAFFERTY knowingly provided false information to the police concerning her *stories* with respect to Plaintiff threatening her with brass knuckles.

55. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

# FIFTH CLAIM
## CIVIL CONSPIRACY

56. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

57. Defendant JOHN RAFFERTY used his significant knowledge of the legal system and arrest process, given his privilege to serve as NYPD law enforcement, and agreed with his wife, MICHELE RAFFERTY, to concoct multiple false, and different *stories* that Plaintiff threatened MICHELE RAFFERTY with brass knuckles.

58. In furtherance of their agreement, JOHN RAFFERTY assisted MICHELE RAFFERTY in concocting *stories* as set forth above, and conveyed false information to law enforcement, resulting in the arrest and criminal prosecution of Plaintiff, with said criminal proceeding being dismissed.

59. The aforementioned acts of MICHELE RAFFERTY and JOHN RAFFERTY were intentional and retaliatory, with their plan and purpose being to "legally assassinate" Plaintiff for exposing the RAFFERTYS' failure to protect her child by and through the RAFFERTYS' security company, Watch Guard 24/7 LLC.

60. As a direct and proximate result of MICHELE RAFFERTY and JOHN RAFFERTY's conduct, Plaintiff sustained serious damages, including but not limited to: damage to her reputation; emotional distress, humiliation, embarrassment, mental anguish, inconvenience, loss of liberty, legal fees and costs; and having to endure her young child being expelled from their school based on the actions of Defendants MICHELE RAFFERTY and JOHN RAFFERTY.

61. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
## 42 U.S.C. 1983: FALSE ARREST

62. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

63. Defendants MICHELE RAFFERTY and JOHN RAFFERTY violated the Fourth and Fourteenth Amendments because they conspired to cause Plaintiff to be arrested, by conveying false information to law enforcement.

64. Defendant MICHELE RAFFERTY knowingly provided false information to the police concerning her *stories* with respect to Plaintiff threatening her with brass knuckles.

65. Plaintiff's detention and criminal prosecution was without Plaintiff's consent and against Plaintiff's will.

66. Plaintiff was at all times aware of her confinement and Plaintiff's confinement at the police precinct and it was not otherwise privileged.

67. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### SEVENTH CLAIM
### EMOTIONAL DISTRESS – NEGLIGENTLY INFLICTED

68. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

69. Due to the concocted and retaliatory *story* that MICHELE RAFFERTY conveyed to law enforcement, with the assistance of her co-conspirator husband, JOHN RAFFERTY, Plaintiff was arrested and required to attend criminal court on more than seven occasions, and while in a frail and sick state, including suffering from blood cancer.

70. JOHN RAFFERTY, as a former NYPD Lieutenant knew exactly what his wife, MICHELE RAFFERTY's false *stories* would do to Plaintiff, and the emotional distress that her arrest and prosecution would cause her.

71. MICHELE RAFFERTY and JOHN RAFFERTY had a duty of care not to convey lies and wildly different *stories* to law enforcement claiming that Plaintiff threatened MICHELE RAFFERTY with brass knuckles, and the RAFFERTYS breached said duty, resulting in Plaintiff suffering emotional distress and mental anguish.

72. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### EIGHTH CLAIM
### EMOTIONAL DISTRESS – INTENTIONALLY INFLICTED

73. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

74. MICHELE RAFFERTY and JOHN RAFFERTY's intentional conduct as described above intended to and did cause severe emotional distress upon Plaintiff.

13

75. Plaintiff had to endure her young child being expelled from school based on the actions of Defendants MICHELE RAFFERTY and JOHN RAFFERTY, based on the influence the RAFFERTYS had at said school, Our Lady of Hope Catholic Academy, where the RAFFERTYS had a contract to perform security services, by and through their security company, Watch Guard 24/7 LLC.

76. Plaintiff's injury and the RAFFERTYS' actions against Plaintiff is the proximate cause and formed a nexus between the conduct alleged herein and Plaintiff's injury, to wit, severe emotional distress.

77. Plaintiff suffered damages, including punitive damages, to be determined by a jury at trial.

## NINTH CLAIM
### 42 U.S.C. §1983 Monell Claim
**CITY OF NEW YORK'S POLICY AND PRACTICE THAT FAILS TO DISCIPLINE OR SANCTION THEIR PROSECUTORS ADMITTED TO PRACTICE LAW IN THE STATE OF NEW YORK AND THEIR PROSECUTORS NOT ADMITTED TO PRACTICE LAW IN THE STATE OF NEW YORK**

78. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

79. Under the principles of municipal liability for federal civil rights violations, the District Attorney of Queens County (or her authorized delegates) has final authority and is the City's policymaker in the training, instructing, supervising and disciplining of its prosecutors who are admitted to practice law in the State of New York, such as ADA Aharon Diaz, and their prosecutors who are not admitted to practice law at the time of their "prosecuting" such as Katerina Michelle Martinez Valez.

80. The District Attorney, Melinda Katz, personally and/or through her authorized delegates, at all relevant times had final authority, and constituted a City policymaker for whom the CITY OF NEW YORK is liable, with respect to the conduct herein.

81. The QDAO as delegee of the Defendant CITY OF NEW YORK has a custom and practice not to internally investigate, reprimand, sanction or discipline their admitted and non-admitted prosecutors for misconduct.

82. This custom and practice encourages, condones and ratifies the prosecutors' (admitted and non-admitted) deliberate and reckless disregard of their constitutional and ethical duties to include the filing of Certificates of Compliance and Statements of Readiness when said instruments contain false assertions and QDAO's admitted and non-admitted prosecutors, in this case, ADA Aharon Diaz and Katerina Michelle Martinez Valez failed to ascertain and disclose known discoverable items that were in their possession prior to the filing of the Certificate of Compliance and Statements of Readiness.

83. By Decision And Order dated September 15, 2024, The Honorbale Maria T. Gonzalez, Judge of the Queens County Criminal Court, Held:

    a. "the Court is not satisfied that the People have conducted due diligence sufficient to satisfy CPL Article 245, and reasonable under the circumstances of this case;"

    b. "The People's COC [Certificate of Compliance], and SOR [Statement of Readiness] are deemed invalid;"

    c. "In this case, the prosecution failed to ascertain and disclose known discoverable items that were in their possession prior to the filing;"

    d. The Court Dismissed the criminal court complaint.

84. The individuals in charge of prosecuting the Plaintiff were non-attorney, Katerina Michelle Martinez Valez and ADA Aharon Diaz.

85. The aforesaid unlawful policies, procedures, regulations, practices and/or customs of Defendant CITY OF NEW YORK were individually and collectively a substantial factor in bringing about the violations of Plaintiff's rights under the Constitution and laws of the United States and in causing the detention and prosecution of the Plaintiff and related damages.

86. Indeed, counsel for Defendants MICHELE RAFFERTY and JOHN RAFFERTY, Christopher Paul Dooley, Esq., N.Y. State Bar No. 5239827, was the subject of a grievance complaint made to the Grievance Committee for the Tenth Judicial District citing Dooley's serious misconduct while a prosecutor for QDAO. (**Exhibit 1**)

87. The authors of said grievance included five (5) professors of law from law schools including Brooklyn Law School, CUNY School of Law, Northeastern University and Georgetown University Law Center.

88. The aforementioned authors and distinguished law professors write, "Dooley's misconduct in Queens was far from unique; serious misconduct at the Queens District Attorney's Office (QDAO) has been regularly reported for years. (**Exhibit 1**) [Emphasis added here]

89. The aforementioned authors and distinguished law professors further note, "There are numerous court decisions finding that QDAO prosecutors acted improperly  - - a recent civil lawsuit contains a list of 117 published decisions involving prosecutorial misconduct in Queens cases. Dooley's misconduct appears to fall within this appalling, unprecedented, and largely-unaddressed pattern of improper conduct." (**Exhibit 1**)

90. As a direct and proximate cause of the CITY OF NEW YORK's policies, customs, and practices, Plaintiff was detained against her will, maliciously prosecuted, with said criminal matter resulting in a dismissal.

91. As a direct and proximate result of the aforesaid conduct, Plaintiff sustained serious damages, including but not limited to: damage to her reputation; emotional distress, humiliation, embarrassment, mental anguish, inconvenience, loss of liberty, legal fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

a. Compensatory damages against all Defendants, jointly and severally;

b. Punitive damages in an amount to be determined by a jury;

c. For pre-judgment and post-judgment interest and recovery of her costs, including reasonable attorneys' fees pursuant to 42 U.S.C. §1988 for all 42 U.S.C. claims; and

d. Such other relief as this Court shall deem just and proper.

Dated: January 7, 2025
New York, NY

s/Michael J. Redenburg
Michael J. Redenburg (NY #MR4662)
MICHAEL J. REDENBURG, ESQ. PC
32 Broadway, Suite 412
New York, NY 10004
mredenburg@mjrlaw-ny.com
1-212-240-9465 (Phone)
1-917-591-1667 (Fax)